# COMMONWEALTH
## V.
## THOMAS SPERRAZZA

### No. 77772

Superior Court/Norfolk, ss.
Commonwealth of Massachusetts

### June 4, 1982

**Robert L. Sheketoff,** counsel for plaintiff.

**Norman Zalkind,** counsel for defendant.

### STATEMENT OF REASONS PURSUANT TO SUPERIOR COURT RULE 53(2)

Attorney Norman S. Zalkind has been duly appointed as one of two counsel to represent Thomas Sperrazza in his defense against the murder indictment numbered above. Mr. Zalkind ably and competently conducted Mr. Sperrazza's defense during both the pre-trial and trial phases. Necessarily, his representation involved the exploration of somewhat novel legal issues which resulted in a three-day evidentiary hearing upon a motion to dismiss and occasioned a twenty-six page written decision from the Court. Thereafter, there followed a twelve-day trial. On May 3, 1982, Mr. Zalkind submitted his bill for services pursuant to Superior Court Rule 53(2) and requested therein compensation in excess of the $2,500.00 maximum provided in the rule. Since this Court has determined that some excess compensation is appropriate, a statement of the Court's reasons is required and follows.

Superior Court Rule 53(2)

It ought first be noted that the statement of the amounts owed for the legal services, although fully detailed and explicit, is not in proper form. By St. 1981, c. 351, sec. 157, the legislature provided that:

> Each court appointed counsel shall certify in detail, under pains and penalties of perjury, any amounts owed for the legal

services rendered. All determinations of indigency and vouchers for provision of legal services for indigent defendants may be audited by the State Auditor. The Chief Administrative Justice of the Trial Court shall promulgate rules and regulations implementing the provisions of this Section not later than August first, nineteen hundred eighty-one.[1]

On February 16, 1982, the Chief Administrative Justice promulgated Interim Rules and Guidelines required by St. 1981, c. 351, sec. 157. Apparently, in light of the language used to introduce the Interim Rules, they were intended to take effect upon their promulgation. Interim Rule 7 provided, "Each court appointed counsel shall certify in detail, under pains and penalties of perjury, any amounts owed for the legal service rended by said counsel. The certification shall be on the attached form." The proper form is attached to the distribution copy of the Interim Rules. The first paragraph of Interim Rule 7 concludes, "Submission and proper completion of the form is a requirement of processing for payment."

---

[1] Since St. 1981, c. 351 is the general appropriations act for fiscal 1981, it is unclear what standing these requirements or the nature, is self-liquidating, as it is in force only for the fiscal year to which it applies." **Mayor of Boston v. Treasurer & Receiver General,** Mass. Adv. Sh. (1981) 2351, 2367 (Liacos, J. dissenting).

[2] Wholly apart from the form of the statement, it is clear from the detailed bill submitted that counsel in the instant case billed at a rate of $35.00 per hour for 9.9 hours of legal services expended in court but not involving a trial or an evidentiary hearing. Were this not a murder case, such rate of compensation would be excessive. Pursuant to Superior Court Rule 53(3)(a), counsel appointed to represent a defendant charged with a misdemeanor or a felony other than murder may be compensated "at a rate not to exceed thirty-five ($35.00) dollars per hour for time expended in court actually engaged in an evidentiary hearing or actual trial." Therefore, it ought be clear that "Rule 53's rate of $35.00 per hour **only applies** when actually "Payment for Indigent representation," MBA Criminal Justice Section News (May, 1982) at p. 1.

Promulgated pursuant to statute, these rules have the force of law. Counsel in the present case did not use the proper form.[2]

For at least three reasons, however, this Court has determined to process the instant bill for services without strict compliance with Interim Rule 7.

First, although the Interim Rules indicate in a footnote that "the attached form is the form currently in use in the trial courts", in fact the promulgated form has rarely been used heretofore in the Superior Court and its use may well conflict with the specificity required under Superior Court Rule 53(8). It is likely, therefore, that busy counsel are unaware of the new Interim Rules and the additional requirements they place upon payment for service to indigents.

Second, the promulgated form divides legal services into two types: "in-court" and "out-of-court" services and implies that there is a different rate of reimbursement for each. As noted above, in footnote one, Superior Court Rule 53 contemplates in cases other than murder cases that in-court services not involving an actual trial or evidentiary hearing will be compensated at $25.00 per hour, not the $35.00 per hour reserved for actual trials and evidentiary hearings. The promulgated form makes no allowance for such services. Indeed, were such services included in the "in-court" portion of the form, a Justice of this Court would be warranted in disallowing the bill since reimbursement was being sought at a rate higher than that permitted by the rule. Also, the promulgated form appears to contemplate that the time reasonably spent out-of-court will be lumped into five separate sub-categories, with an aggregate figure for time spent on each, i.e., with an aggregate figure being stated for all the "interviews/conferences" devoted to a case and for all the time spent in "reviewing records" in a case no matter how frequently and upon what dates the service was performed. If the promulgated form is so read, it conflicts with the specificity required by Superior Court Rule 53(8) which has been read to require that "each lawyer must submit a bill on the attorney's letterhead which fully explains each expense generating activity for which compensation is sought. The requirement for full supporting documentation applies to all appointed services in murder and other cases. Flukes, "Payment for Indigent Representation supra at 1 (emphasis supplied). These requirements also have the force of law. There is, of course, a "Catch-22" aura about this entire process. If an attorney complies with the Interim Rules and uses the form there explicitly required, he will almost inevitably run afoul of the requirement that "in-court" services not involving trial or an evidentiary hearing be billed at $25.00 an hour and will probably fail to supply sufficient detail to satisfy a Superior Court Judge. On the other hand, if he submits his bill in a fashion which details all his services as required by Superior Court Rule 53(8), it may be rejected because he has failed to use the form required by the Chief Administrative Justice. Counsel will be wise, therefore, to continue to prepare bills in the detailed form required by Superior Court Rule 53(8) and append such detailed bills to a face sheet in the form required by Interim Rule 7.

Third, as a practical matter, this Court will not fault present counsel for his failure to follow the somewhat cumbersome course suggested above. The bill presented is extremely detailed and fully guards against the over-charging which the Interim Rules are designed to prevent. It complies, therefore, in substance if not in form with the Interim Rules and also comports fully with the long-standing requirements of Superior Court Rule 53. Failure to further process this statement would truly exalt form over substance. Moreover, since this Court believes that compensation in excess of the $2,500.00 maximum is fully warranted, it is quite properly required to state its reasons. Superior Court Rule 53(2). Since there is no longer a secretary

for the justices sitting in Norfolk County, the draft statement of reasons must necessarily be sent to the two secretaries located in the County of Suffolk to assist the justices there assigned and all other justices for whom no secretarial help is available. Were this Court to return the statement rendered so that it might be resubmitted in proper form and then draft up a Statement of Reasons, send it to Boston, review the typed draft upon its return, send it back to Boston for final corrections, and then approve it, there is a reasonable likelihood that the statement would never get approved, even at this level, until fiscal year 1983—at a time when funds would no longer be available to pay for services rendered during fiscal year 1982.

For all of these reasons, this Court has determined to act promptly and approve the statement rendered notwithstanding the fact that it is not in proper form. Such approval ought not be taken as condonation of the process here followed or as expressing any opinion that the Interim Rules ought not be followed during the period in which they remain in effect.

Turning to the substance of this statement, this Court determines that "extra compensation is necessary to provide fair compensation." Superior Court Rule 53(2). In determining what is "fair" compensation, I have applied the criteria applicable to determining a "reasonable attorney's fee" in a consumer protection action, i.e., "(1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney." **Heller v. Silverbranch Construction Corp.,** 376 Mass. 621, 629 (1978). This amount has been discounted in light of the obligation of the bar to provide legal services to indigent criminal defendants. Pursuant to these criteria, then, this Court has sought to arrive at a proper figure by focusing on the time actually spent in court in actual trial and evidentiary hearings. It is as to this period that the Court can make the most accurate assessment. Moreover, the performance at this juncture gives a good indication of the quality of the preparation as well. In the instant case, this Court concludes that "fair" compensation may be arrived at by multiplying the 67.4 hours spent in actual trial and evidentiary hearings by the sum of $85.00 per hour. This is a more realistic hourly rate for the services performed by counsel and observed by the Court. It also could be considered a fair composite of one hour trial time ($35.00 each) requiring (at least) two hours of preparation ($25.00 each) therefor. This calculation results in permitted compensation of $5,129.00 plus expenses of $392.95 (incurred with the prior permission of the Court—Superior Court Rule 53(2) ) for a total allowed reimbursement of $5,521.95.

This sum, of course, is "fair" only in light of the strictures of the applicable rules and the sums allowed by other judges for comparable services in comparable cases. It bears no meaningful relationship to the actual value of the services. See **e.g. O'Donnell v. Bane,** 385 Mass. 114 (1982) (upholding a $75,000.00 fee for defending a larceny case). In fact, our present system for compensating counsel for indigent criminal defendants bears the marks of an indirect tax on that small segment of the bar best suited by training, experience, and ability to zealously safeguard individual liberty. One wonders how long we can continue to impose this burden so inequitably.

By the Court,
**William G. Young**
**Justice of the Superior Court**